J-A12005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MELVIN W. SMITH BUILDING SYSTEMS, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1158 WDA 2021 |
| BEDFORD COUNTY HUMANE SOCIETY | : | |

Appeal from the Order Entered September 3, 2021
In the Court of Common Pleas of Bedford County Civil Division at No(s):
1030-2018

BEFORE:  MURRAY, J., McCAFFERY, J., and COLINS, J.[*]

**FILED: AUGUST 17, 2022**

CONCURRING/DISSENTING MEMORANDUM STATEMENT BY McCAFFERY, J.:

I agree with the Majority's conclusion that: (1) the trial court erred in finding Mr. Smith's personal tax returns were discoverable; and (2) the court did not err in permitting discovery of Appellant's business tax returns and documentation concerning work performed at specific time periods relating to the third through fifth draws.  ***See*** Majority at 8-9, 13-15.

However, I disagree with the Majority that Appellant's IRS forms (the W-2 and 1099 forms for payment to third parties relating to the project) and documents regarding past labor costs and accountings are discoverable.  ***See*** Majority at 10-13.  As the Majority noted, this case involved allegations of

_____

[*] Retired Senior Judge assigned to the Superior Court.

breach of contract, unjust enrichment, and conversion. ***Id.*** at 1. These specific documents are not relevant to proving any of the elements of a contractual agreement (offer, acceptance, consideration)[1] or a breach of contract cause of action (existence of a contract, breach of a contract, and resulting damages).[2] Rather, they are germane to Appellant's purported **motive** for the breach, and therefore, they are irrelevant to the matter before us. Permitting discovery of these documents is nothing more than a fishing expedition for information that is not at issue in a breach of contract case.

Accordingly, I concur, in part, and dissent, in part, with respect to the Majority's decision.

---

[1] ***Dorsey v. Redman***, 96 A.3d 332, 337 (Pa. 2014).

[2] ***Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.***, 137 A.3d 1247, 1258 (Pa. 2016).